UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22378-CIV-SEITZ/WHITE

08-20079-cr-Seitz

JOSE R. TAVERAS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER AFFIRMING MAGISTRATE REPORT, VACATING SENTENCE, VACATING CONVICTION AS TO COUNT 4, AND CLOSING CASE

THIS MATTER is before the Court upon the Report of Magistrate Judge Recommending that Motion Be Granted Following an Evidentiary Hearing [DE-16], issued by the Honorable Patrick A. White United States Magistrate Judge, the Government's Objections to the Report and Recommendation [DE-21], and Petitioner's Response to the Government's Objections [DE-22]. In the Report, Magistrate Judge White recommends two alternative forms of relief. First, the Report recommends that: (1) the motion to vacate be granted; (2) the Petitioner's conviction as to Count 4 for aggravated identity theft be vacated; and (3) the Petitioner be permitted to file a direct appeal following resentencing. In the alternative, the Report recommends that: (1) the Court vacate the judgment; (2) impose the same sentence; and (3) permit Petitioner an out-of-time appeal wherein he can challenge the lawfulness of his conviction as to Count 4 on direct appeal.

The Government does not object to the Magistrate's finding that counsel was ineffective for failing to file a notice of appeal and does not object to the alternative remedy set forth in the

Report. It does object to the Magistrate's first recommendation because it believes that it does not comply with Eleventh Circuit precedent and because it believes that the actual innocence issue was not raised by Petitioner. The Petitioner has not filed Objections. Having conducted a *de novo* review of the record, the Court will grant the petition and vacate the conviction as to Count 4 for the reasons discussed below.

**Background Facts and Procedure**

On July 3, 2008, a jury convicted Petitioner of four counts: (1) illegal reentry following deportation in violation of 8 U.S.C. § 1326(a)-(b)(1); (2) making a false statement in an application for a U.S. passport, in violation of 18 U.S.C. § 1542; (3) falsely representing himself as a U.S. citizen, in violation of 18 U.S.C. § 911; and (4) aggravated identity theft, in violation of 18 U.S.C. § 1028A. On September 15, 2008, Petitioner was sentenced to three concurrent terms of 9 months for Counts 1, 2, and 3, and a consecutive term of twenty-four months as to Count 4. No appeal was filed thereafter. Subsequently, Petitioner filed a Motion to File Late Appeal as Timely[1] [DE-11] on July 27, 2009 and the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2255 [DE-1] on August 11, 2009. The Magistrate's Report considers both motions.

In the Motion to File Late Appeal, Petitioner sought leave to file an untimely appeal based on ineffective assistance of counsel. Petitioner asserted that he had instructed his trial counsel to file an appeal but that counsel never did. In his Petition for Writ of Habeas Corpus, Petitioner again raised the ineffective assistance of counsel claim based on counsel's failure to file an appeal, as well as counsel's failure to consult with Petitioner about an appeal, and also

---

[1] The Motion to File Late Appeal as Timely was originally filed in Petitioner's criminal case, Case No. 08-CR-20079. The Magistrate Judge, upon motion by Petitioner, consolidated the Motion to File Late Appeal as Timely into this case. *See* DE-12.

raised a claim of ineffective assistance of counsel based on his counsel's failure to either be aware of, or argue that, there was a split in the circuits regarding what the Government must prove to convict a defendant of aggravated identity theft under 18 U.S.C. § 1028A. The Magistrate's Report also found that Petitioner had raised a claim of actual innocence.

Since the Magistrate issued his Report, Petitioner had been released from the Bureau of Prison's custody. *See* DE-25. However, Petitioner's release does not moot his petition because his conviction may have collateral consequences for future immigration proceedings. *See Jamerson v. Secretary for Department of Corrections*, 410 F.3d 682, 688 (11th Cir. 2005) (holding that "[c]ompletion of a criminal sentence does not render a petition for habeas relief moot, because the ongoing collateral consequences of a wrongful conviction, such as the possible enhancement of a later criminal sentence on the basis of the earlier wrongful conviction, satisfy the case-or-controversy jurisdictional requirement of Article III of the Constitution."). Consequently, the Petitioner's request for relief is not moot.

**The Government's Objections**

The Government raises several objections: (1) it objects to the Magistrate's factual findings regarding why Petitioner wished to file an appeal; (2) it objects to the Magistrate's finding that Petitioner raised the actual innocence claim in his petition; and (3) it objects to the Magistrate's recommendation that the Court vacate Petitioner's conviction on Count 4 based on actual innocence. For the reasons set forth below, the Government's Objections are overruled.

*1. Petitioner is Entitled to File an Out-of-Time Appeal*

While the Government disputes the Magistrate's findings regarding why Petitioner originally wished to file an appeal, it does not dispute that Petitioner is entitled to file an out-of-

3

time appeal based on the Supreme Court's holding in *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 484-85 (2000). Consequently, the Court adopts the Magistrate's legal analysis and finding that counsel's failure to file a direct appeal and failure to consult with Petitioner about filing an appeal violated Petitioner's constitutional right to counsel.

*2. Petitioner Did Raise an Actual Innocence Claim in His Petition and Based on that Claim His Conviction Should Be Vacated*

The Magistrate liberally construed Petitioner's pro se petition and found that it raised a claim of actual innocence, based on the recent Supreme Court decision in *Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009).[2] In *Bousley v. United States*, the Supreme Court stated: "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. 614, 623 (1998) (internal quotations omitted). The Magistrate reviewed the trial transcripts and found that the Government provided no evidence that Petitioner knew the identity used belonged to an actual person. Thus, the Magistrate recommended that Petitioner's conviction for aggravated identity theft be vacated. The Government objects to the finding that Petitioner raised an actual innocence claim and to the Magistrate's recommendation that Petitioner's conviction as to Count 4 should be vacated.

*A. Petitioner Did Raise an Actual Innocence Claim*

The Government argues that Petitioner did not actually raise an actual innocence claim in his § 2255 petition. Therefore, it argues that it has not had the opportunity to brief the issue and

---

[2] In *Flores-Figueroa*, the Supreme Court held that § 1028A required the Government to show that a defendant knew that the means of identification at issue belonged to another person. 129 S. Ct. at 1894.

4

did not have the opportunity to present additional evidence at the evidentiary hearing.[3] The Court overrules the Government's objection that an actual innocence claim was not raised in the petition. The petition was filed pro se[4] and therefore should be liberally construed. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). In the petition, at page 2, Petitioner argues that "his Petition for writ of habeas corpus should be granted because he was prevented from presenting a meritorious defense to show that 'aggravated identity theft' as related to the recent [S]upreme [C]ourt decision in [*Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009)] rendered his conviction and sentence invalid." Liberally construing this, Petitioner raised an actual innocence claim. Further, the Government had an opportunity to, and did, address this claim at the evidentiary hearing held by the Magistrate, *see* Transcript, DE-18 at 68-69, and also had an opportunity to more fully address the issue in its Objections. Moreover, the Government has not actually contested the Magistrate's finding that no evidence was produced at trial that Petitioner knew the identity used belonged to an actual person. Consequently, the Government's objection is overruled.

### B. *Petitioner's Conviction as to Count 4 Should Be Vacated*

The Government also objects to the recommendation that the Court vacate Petitioner's conviction on Count 4. The Government asserts that in the Eleventh Circuit the correct approach in circumstances like this, where a Petitioner raises several claims in his § 2255 petition

---

[3]The Government's argument that it has a right to present additional evidence on the issue of actual innocence is unsupported by *Bousley* because *Bousley* involved a negotiated plea, not a conviction after a jury trial.

[4]The Court appointed counsel after Petitioner filed both the § 2255 petition and the Motion to File Late Appeal as Timely.

including an ineffective assistance of counsel claim based on a failure to appeal, is to grant the motion to appeal out-of-time and either hold the remaining claims in abeyance or to dismiss them without prejudice pending the outcome of the direct appeal. *See McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002); *United States v. Phillips*, 225 F.3d 1198, 1200 (11th Cir. 2000). Thus, the Government argues that vacating the conviction violates Eleventh Circuit law. The Court overrules this objection. As the Magistrate made clear, *Phillips* is distinguishable because it did not involve a claim of actual innocence, as in this case. Further, the Government has provided no authority involving an actual innocence claim and an ineffective assistance of counsel claim based on a failure to file an appeal where the Eleventh Circuit first required the Petitioner to pursue his appeal before a court could consider the actual innocence claim. To force Petitioner to pursue his appeal before this Court could consider his actual innocence claim would result in a waste of judicial resources and the parties' resources. This would not serve the interests of justice.

Having carefully reviewed, *de novo*, Magistrate Judge White's thorough Report and the record, the Government's Objections, and Petitioner's Response to the Objections, it is hereby

ORDERED that:

(1) The analysis and recommendations made in the above-mentioned Report of Magistrate Judge [DE-16] are AFFIRMED and ADOPTED, and incorporated by reference into this Court's Order.

(2) The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2255 [DE-1] is GRANTED.

(a) Petitioner's sentence is VACATED. By separate order the Court will set a

new sentencing hearing.

  (b) Petitioner's conviction as to Count 4 is VACATED.

(3) The Government's Objections to the Report and Recommendation [DE-21] are OVERRULED.

(4) Petitioner's Motion to File Late Appeal as Timely [DE-11] is DENIED AS MOOT.

(5) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT.

(6) This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 30th day of June, 2010.

            PATRICIA A. SEITZ
            UNITED STATES DISTRICT JUDGE

cc: All counsel of record/*Pro se party*